**Sergio CARDENAS–MORFIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70616.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Jan. 20, 2004.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Robert Houston Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Office of the District Counsel, Seattle, WA, Alison Marie Igoe, Shelley R. Goad, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: WARDLAW, GOULD, and PAEZ, Circuit Judges.

## MEMORANDUM *

Sergio Cardenas–Morfin ("Cardenas") petitions for review of the decision of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of his application for cancellation of removal and voluntary departure.[1] Cardenas alleges that his constitutional right to due process was violated because he was denied a full and fair hearing by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "When the BIA adopts an IJ's findings and reasoning, we review the IJ's opinion as if it were the opinion of the BIA." *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999)

the IJ. His petition for review arises under 8 U.S.C. § 1252, which bars us from reviewing denials of discretionary relief under § 1229b (cancellation of removal) and § 1229c (voluntary departure). *See* 8 U.S.C. § 1252(a)(2)(B)(i). However, "[w]e retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir. 2003). Because the IJ deprived Cardenas of his due process right to a full and fair hearing, we grant the petition and remand for further proceedings.

"We review de novo due process challenges to immigration decisions." *Padilla v. Ashcroft,* 334 F.3d 921, 923 (9th Cir. 2003). "Due process requires that an alien receive a full and fair hearing" and be allowed to "present personal testimony in [his] behalf." *Jacinto v. INS,* 208 F.3d 725, 727–28 (9th Cir.2000). To prevail on a due process challenge, a petitioner must show not only that he was denied due process, but also that "such denial result[ed] in prejudice." *Id.* at 728.

*Cancellation of Removal*

■ At the hearing, the IJ repeatedly prevented Cardenas from testifying in support of his application. For example, the IJ required Cardenas to choose whether his two-year old daughter, Violeta, would stay in the United States or return with him to Mexico. When Cardenas could not make such a critical decision at a moment's notice, the IJ precluded him from testifying about the hardship Violeta would suffer if separated from her father. However, the effect of a child's separation from her parents is relevant to the statutory inquiry into the possibility of an "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Reyes–Melendez v. INS,* 342 F.3d 1001, 1007 (9th Cir.2003). By barring Cardenas's testimony, the IJ prejudicially denied

him a reasonable opportunity to present evidence on the central issue in his application for cancellation of removal. *See Reyes–Melendez,* 342 F.3d at 1009 (involving "an IJ error that precluded the development of a factual record by foreclosing the admission of testimony").

*Voluntary Departure*

■ At the removal hearing, the IJ narrowly limited the scope of Cardenas's testimony to his application for cancellation of removal, and only treated the application for voluntary departure as a minor procedural matter. For example, the IJ precluded Cardenas from testifying about his relationship with Violeta's half-brothers because the IJ ruled that they were not "qualifying children" under § 240A of the Immigration and Naturalization Act and, therefore, were irrelevant to Cardenas's application for cancellation of removal. However, this testimony was relevant to Cardenas's application for *voluntary departure.* By presenting evidence that he cared for his domestic partner's children, he was attempting to show his good moral character.

The IJ's repeated refusal to allow Cardenas to present evidence establishing his good moral character is especially troubling given that the INS introduced evidence to the contrary. At the hearing, the INS accused Cardenas of intentionally making false statements on old tax returns. Although these alleged misrepresentations occurred before the five year statutory period for assessing moral character required by 8 U.S.C. § 1229c(b)(1)(B), the IJ nevertheless concluded that Cardenas lacked good moral character. When Cardenas's counsel requested a continuance to discuss with Cardenas how to respond to the INS's allegations, the IJ denied the motion, stating that "there is no reason to continue."

The IJ then gave Cardenas *five minutes* to decide whether to withdraw his claims or accept the ruling and appeal to the BIA. When Cardenas's counsel stated that five minutes was not enough time, the IJ issued her ruling and terminated the hearing. The IJ's actions suggest that "the IJ behaved not as a neutral fact-finder interested in hearing the petitioner's evidence, but as a partisan adjudicator seeking to intimidate [the petitioner] and his counsel." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

In light of the fact that the sole basis for the IJ's ultimate moral character determination was his alleged violation of federal tax law, the IJ's decision to preclude otherwise relevant evidence of Cardenas's good moral character likely "affected the outcome of the proceedings." *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

Because Cardenas was prejudiced by these violations of his due process right to present evidence in support of his application for cancellation of removal and voluntary departure, we grant the petition and remand for further proceedings.

**PETITION GRANTED AND RE- MANDED.**